United States District Court
Southern District of Texas
**ENTERED**
September 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE BRYANT, TDCJ #1810399, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-0841 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Ronnie Bryant, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief from a state court conviction. Pending before the court is Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's Motion for Summary Judgment") (Docket Entry No. 11). Bryant has not filed a reply and his time to do so has expired. After considering all of the pleadings, the state court record, and the applicable law, the court will grant Respondent's Motion and will dismiss this action for the reasons explained below.

## I.  Background

A grand jury returned an indictment against Bryant in Harris County cause number 1338550, charging him with aggravated assault

with a deadly weapon -- a ceramic plate -- against a family member.[1]  The indictment was enhanced for purposes of punishment with allegations that Bryant had at least two prior felony convictions for possession of a controlled substance and for unlawful possession of a firearm as a felon.[2]  A jury in the 338th District Court for Harris County, Texas, found Bryant guilty as charged and found that a deadly weapon was used to commit the offense.[3]  During the punishment phase of the trial the state abandoned one of the enhancement allegations.[4]  Bryant admitted that the other enhancement allegation was true and also stipulated that he had a substantial record of previous convictions.[5]  The trial court sentenced Bryant to 12 years' imprisonment.[6]

On direct appeal Bryant argued that the evidence was legally insufficient to support the jury's finding that the ceramic plate used in the commission of the offense was a deadly weapon.[7]  The

---

[1]Indictment, Docket Entry No. 13-25, p. 34.

[2]Id.

[3]Judgment of Conviction by Jury, Docket Entry No. 13-25, p. 35.

[4]Court Reporter's Record, vol. 4, Docket Entry No. 12-13, p. 6.

[5]Id. at 7-8; State's Exhibit 14, Stipulation of Evidence, Docket Entry No. 12-20, pp. 12-13.

[6]Judgment of Conviction by Jury, Docket Entry No. 13-25, p. 35.

[7]Brief for Appellant, Docket Entry No. 13-2, p. 8.

intermediate state court of appeals rejected that claim after summarizing the evidence presented at trial:

> Carol Pitts married Ronnie Bryant on Valentine's Day 2012. Bryant suspected Pitts was having an affair, though she denied it. Two weeks after their wedding, they were sitting in bed, watching television, and eating dinner off of trays. Pitts testified that Bryant was talking on the phone and then things "took a . . . bizarre turn." She said, "[I]t went from 'Hi, Honey,' to really bizarre in like three minutes." Bryant told her, "I'm going to love you the way you love me," but Pitts did not immediately understand what he meant. He came around to her side of the bed and grabbed her plate. As she put her arm up to block her face, he hit her arm with the plate, causing the plate to break. Her arm was lacerated, and she began bleeding heavily.
>
> At trial, the prosecutor asked Pitts where Bryant was aiming when he assaulted her:
>
> > Q.  Where on your body was he aiming with the plate?
> >
> > A.  I don't know where he was aiming, but it hit my arm.
> >
> > Q.  Where was your arm? Was it laying down or was it up?
> >
> > A.  Just a defense mechanism.  When he picked it up, I did this (demonstrating).
> >
> > Q.  So your arm is blocking your face; is that right, for the record?
> >
> > A.  Uh-huh.
> >
> > Q.  We have to say "yes" or "no."  I'm sorry, Ms. Pitts, I should have told you that.  So you were blocking your face with your arm. Which arm was it?
> >
> > A.  This arm (indicating).
> >
> > Q.  Your right one?
>
> . . . .

-3-

A.   Yes.

....

Q.   You were blocking your face with your right arm.  What did — did he have one hand or two hands on your plate?

A.   Just one.

Q.   Show with a motion with your hand the way the defendant slammed the plate on you.

A.   It came down like this and broke on my arm (demonstrating).

Q.   So did he hit it in a motion that ended up hitting your arm, or did he throw it somewhere else, or did he aim at you?

A.   He aimed at me.

Pitts testified that Bryant then took a piece of the broken plate and motioned "like he was going to stab me with it."  Moments later, Bryant left the room, returned with knife, and again made stabbing motions.  Pitts testified, "I thought he was going to stab me with it."  At that time, she was lying on the bed, bleeding profusely, keeping her feet on Bryant's chest to keep him away.  Pitts managed to get away from him, examine her wounds in the bathroom, and change her blood-soaked clothing.  She went outside, sat on the steps near her apartment, and called 9-1-1 due to the excessive bleeding.  At trial she testified that she called 9-1-1 because she "didn't want to die."

Within ten minutes of her phone call, Harris County Sheriff's Deputy F. Salizar, Jr. arrived to find her sitting on the steps with her arm wrapped in a blood-soaked towel and her hands covered in blood. Salizar said it looked like there was one big cut on her arm but "[i]t could have been more." He testified that she was crying, "very distraught," "very upset," and "in a state of shock."  Pitts told Salizar that Bryant assaulted her and cut her with a ceramic plate.  She also told him that Bryant "just took off running down the street" when he saw the sheriff approaching.

-4-

After making sure that Bryant was not inside the couple's apartment, Salizar joined the search for him. Approximately 15 minutes after speaking to Pitts, Salizar found Bryant crouched behind a minivan parked in a nearby residential area. After identifying himself, Bryant said, "I wasn't doing nothing. What are you stopping me for?" He was placed into a patrol car and taken to the apartment, where Pitts identified him before being taken by ambulance to the emergency room.

Pitts spent three days in the hospital, where she underwent orthopedic surgery. She had three cuts on her arm, two of which went all the way down to the bone. She also suffered joint damage.

Bryant v. State, No. 01-12-00921-CR, 2013 WL 6506302, *1-2 (Tex. App. — Houston [1st Dist.] Dec. 10, 2013, no pet.).

On state collateral review, Bryant argued that he was entitled to relief from his conviction under Article 11.07 of the Texas Code of Criminal Procedure because he was denied effective assistance of counsel at his trial.[8] The state habeas corpus court entered findings of fact and concluded that Bryant was not entitled to relief on any of his claims.[9] The Texas Court of Criminal Appeals agreed and denied relief without a written order on findings made by the trial court.[10]

Bryant has now filed a Petition for federal habeas corpus relief under 28 U.S.C. § 2254, arguing that he was denied effective

---

[8]Application for a Writ of Habeas Corpus, Docket Entry No. 13-25, pp. 10-14.

[9]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 13-25, pp. 38-43.

[10]Action Taken on Writ No. 80,718-03, Docket Entry No. 13-24, p. 1.

-5-

assistance of counsel at his trial.[11]   In particular, Bryant contends that his counsel was constitutionally ineffective because she did not (1) argue that the charges were "false"; (2) argue that the ceramic plate was not used as a deadly weapon and that the injury was the result of an "accident"; (3) tell the trial court that Bryant was under the care of the Veteran's Administration for Post Traumatic Stress Disorder ("PTSD"); and (4) object that the enhancement allegations were for "unrelated convictions" and therefore invalid.[12]  Noting that these claims were rejected on the merits in state court, the respondent moves for summary judgment and argues that Bryant is not entitled to relief under the governing federal habeas corpus standard of review.[13]

## II.  <u>Standard of Review</u>

To the extent that the petitioner's claims were adjudicated on the merits in state court, his claims are subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d).  Under the AEDPA a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

---

[11]Petition, Docket Entry No. 1, pp. 6-7.

[12]<u>Id.</u>

[13]Respondent's Motion for Summary Judgment, Docket Entry No. 11.

federal law, as determined by the Supreme Court of the
United States[.]"  28 U.S.C. § 2254(d)(1).  "A state court's
decision is deemed contrary to clearly established federal law if
it reaches a legal conclusion in direct conflict with a prior
decision of the Supreme Court or if it reaches a different
conclusion than the Supreme Court on materially indistinguishable
facts."  Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015)
(citations omitted); see also Williams v. Taylor, 120 S. Ct. 1495,
1519-20 (2000).  To constitute an "unreasonable application of"
clearly established federal law, a state court's holding "must be
objectively unreasonable, not merely wrong; even clear error will
not suffice."  Woods v. Donald, 135 S. Ct. 1372, 1376 (2015)
(quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)).  "To
satisfy this high bar, a habeas petitioner is required to 'show
that the state court's ruling on the claim being presented in
federal court was so lacking in justification that there was an
error well understood and comprehended in existing law beyond any
possibility for fairminded disagreement.'"  Id. (quoting Harrington
v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The AEDPA "imposes a 'highly deferential standard for
evaluating state-court rulings,' . . . [which] 'demands that
state-court decisions be given the benefit of the doubt.'"  Renico
v. Lett, 130 S. Ct. 1855, 1862 (2010) (citations omitted).  This
standard is intentionally "difficult to meet" because it was meant
to bar relitigation of claims already rejected in state proceedings

and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." <u>Richter</u>, 131 S. Ct. at 786 (quoting <u>Jackson v. Virginia</u>, 99 S. Ct. 2781, 2796, n.5 (1979) (Stevens, J., concurring)); <u>see</u> <u>also</u> <u>White</u>, 134 S. Ct. at 1702.

A state court's factual determinations are also entitled to deference on federal habeas corpus review.  Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness extends not only to express factual findings, but also to the state court's implicit findings.  See <u>Garcia v. Quarterman</u>, 454 F.3d 441, 444-45 (5th Cir. 2006) (citing <u>Summers v. Dretke</u>, 431 F.3d 861, 876 (5th Cir. 2005); <u>Young v. Dretke</u>, 356 F.3d 616, 629 (5th Cir. 2004)).  If a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'"  <u>Brumfield v. Cain</u>, 135 S. Ct. 2269, 2277 (2015) (quoting <u>Wood v. Allen</u>, 130 S. Ct. 841, 849

(2010)).  "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference."  Id.

## III.  **Discussion**

In four separate claims for relief, Bryant alleges that he was denied effective assistance of counsel at his trial.  These claims were rejected by the state habeas corpus court, which held that Bryant failed to demonstrate ineffective assistance under the standard found in Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).[14]

As the state court correctly observed, claims for ineffective assistance of counsel are governed by the standard found in Strickland.  See, e.g., Williams v. Stephens, 761 F.3d 561, 566 (5th Cir. 2014), cert. denied, 135 S. Ct. 1735 (2015).  To prevail under the Strickland standard a defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.  Strickland, 104 S. Ct. at 2064.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."  Id.

"To satisfy the deficient performance prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'"  Hoffman v. Cain, 752 F.3d 430, 440

---

[14]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 13-25, pp. 40-41.

(5th Cir. 2014) (quoting Strickland, 104 S. Ct. at 2064), cert. denied, 135 S. Ct. 1160 (2015).  This is a "highly deferential" inquiry; "[t]here is 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  Id. (quoting Strickland, 104 S. Ct. at 2065).  "To satisfy the prejudice prong, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Id. (quoting Strickland, 104 S. Ct. at 2068).

Because Bryant's ineffective-assistance claims were rejected in state court, the issue is not whether this court "'believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'"  Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) (quotation omitted).  In addition, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  Id.  When applied in tandem with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas corpus review.  Knowles, 129 S. Ct. at 1411; see also Richter, 131 S. Ct. at 788 (emphasizing that the standards created by Strickland and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations

omitted); <u>Beatty v. Stephens</u>, 759 F.3d 455, 463 (5th Cir. 2014),
<u>cert. denied</u>, 135 S. Ct. 2312 (2015) (same).

1.   <u>Failure to Contest the Charges (Claims One and Two)</u>

In his first claim for relief Bryant contends that his defense
counsel was deficient for failing to argue that the charges were
"false" because he did not intentionally and knowingly cause bodily
injury with the ceramic plate.[15]   In his second claim for relief
Bryant contends that defense counsel was deficient for failing to
argue that the ceramic plate was not used as a deadly weapon and
that the injury was accidental.[16]   In both of these claims Bryant
essentially contends that his counsel failed to contest the charges
against him.   This contention is refuted by the record.

Bryant's wife testified that he attacked her, striking her on
the arm with the ceramic plate as she shielded her face, severely
lacerating her arm.[17]   Medical records and photographs of her
injured arm show that Bryant inflicted a garish wound, which
required surgery to repair.[18] Defense counsel successfully objected
to the prosecutor's attempt to elicit testimony about whether the

---

[15]Petition, Docket Entry No. 1, p. 6.

[16]<u>Id.</u>

[17]Court Reporter's Record, vol. 3, Docket Entry No. 12-12,
pp. 46-58.

[18]Photographs, Docket Entry No. 12-14, pp. 2-5; Medical
Records, Docket Entry Nos. 12-15, pp. 17, 19-20; Medical Records
(cont'd), Docket Entry No. 12-16, pp. 30-35.

-11-

ceramic plate was capable of causing death or serious bodily injury.[19]   Defense counsel also successfully objected to the prosecutor's attempt to characterize Bryant's behavior during the incident as bizarre or to imply that he had been drinking on the night of the offense.[20]   At the close of the state's case, defense counsel moved for a directed verdict and noted that the state failed to present any testimony showing that the ceramic plate qualified as a deadly weapon capable of causing serious bodily injury.[21]   During her summation, defense counsel argued that there was no evidence showing that Bryant intended to cause death or serious bodily injury and no support for a finding that the plate was used as a deadly weapon during the offense.[22]   Based on this record, which shows that defense counsel actively contested the charges, the state habeas corpus court found that defense counsel provided effective representation.[23]

Bryant does not suggest what else his defense counsel could have done to challenge the evidence against him and his conclusory allegations do not demonstrate that defense counsel's strategy was

---

[19]Court Reporter's Record, vol. 3, Docket Entry No. 12-12, pp. 35-37.

[20]Id. at 45, 49, 51.

[21]Id. at 67-76.

[22]Id. at 94-96.

[23]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 13-25, p. 39.

-12-

deficient or prejudicial.  See Strickland, 104 S. Ct. at 2065 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"); see also Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993) ("Given the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices.").  Bryant does not otherwise demonstrate that the state court's decision to reject this claim was unreasonable or lacking in justification.  See Richter, 131 S. Ct. at 786-87. Accordingly, Bryant is not entitled to relief on his claim that counsel failed to contest the charges against him.

2.  **Failure to Present Mitigating Evidence of his Status as a Veteran with PTSD (Claim Three)**

In his third claim for relief Bryant contends that his defense attorney was deficient at the punishment phase of the trial for failing to tell the court that he was under the care of the Veteran's Administration Hospital due to PTSD.[24] The state habeas corpus court rejected this claim, finding that the trial court was made aware of Bryant's mental health issues stemming from his military service before sentence was pronounced.[25]  The record supports the state habeas corpus court's finding.

---

[24]Petition, Docket Entry No. 1, p. 7.

[25]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 13-25, p. 39.

The record shows that Bryant testified on his own behalf during the punishment phase of the trial, advising the trial court that he enlisted as a United States Marine at the age of 17, served in active combat during the Vietnam war, and was honorably discharged.[26]  Bryant testified further that he had been periodically treated by a psychologist at the Veteran's Administration Hospital due to the effects of the war, which also featured a lengthy struggle with drug addiction.[27]  Therefore, the record confirms that the trial court considered this information before imposing sentence.

Bryant does not present any additional evidence in support of his claim, and he does not otherwise demonstrate what else his defense counsel could have done to present mitigating evidence on his behalf.  Absent a showing of deficient performance, Bryant does not show that he was denied effective assistance of counsel in connection with his sentencing proceeding or that the state habeas corpus court's decision was unreasonable.  Accordingly, he is not entitled to relief on this claim.

3.   <u>Failure to Object to Enhancement Allegations (Claim Four)</u>

Finally, in his fourth claim for relief Bryant contends that his defense counsel was deficient for failing to object or allowing

---

[26]Court Reporter's Record, vol. 4, Docket Entry No. 12-13, pp. 9-10.

[27]<u>Id.</u> at 10-13, 18.

the trial court to enhance his sentence with "two prior unrelated convictions."[28]

The state habeas corpus court found that Bryant failed to provide facts to demonstrate that his sentence was enhanced improperly.[29] The federal Petition filed by Bryant likewise fails to specify how his sentence was wrongfully enhanced; and he does not otherwise establish that his counsel had, but failed to make, a valid objection.[30] His "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) (citing Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000); Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)). Bryant does not challenge the state court's findings or show that its decision to reject this claim was unreasonable. Therefore, he is not entitled to relief on this claim.

---

[28]Petition, Docket Entry No. 1, p. 7.

[29]Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 13-25, p. 40.

[30]Bryant was convicted of aggravated assault of a family member with a deadly weapon, which is a second-degree felony. See TEX. PENAL CODE § 22.02(a)(2) and (a). As noted above, the record shows that the state agreed to abandon one of the enhancement allegations, asserting a prior second-degree felony conviction for possession of a controlled substance. See Court Reporter's Record, vol. 4, p. 6. Bryant does not show that the other prior felony conviction for unlawful possession of a firearm was invalid for purposes of enhancing his sentence, which was well within the applicable range of punishment. See TEX. PENAL CODE § 12.42(b) (providing that a second-degree felony enhanced by one prior felony conviction is punishable as a first-degree felony under TEX. PENAL CODE § 12.32 by imprisonment for life or any term of not less than five years).

-15-

Because Bryant has failed to establish a valid claim for relief, Respondent's Motion for Summary Judgment will be granted and the Petition will be denied.

## IV.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.   A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)).   Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003).   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

### V.   Conclusion and Order

The court **ORDERS** as follows:

1.   Respondent's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2.   Ronnie Bryant's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, this 21st day of September, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE